IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN ROBERT DEMOS                                                      PLAINTIFF

V.                  CASE NO.: 5:16-CV-05023

WAL-MART STORES, INC.                                        DEFENDANT

## OPINION AND ORDER

Plaintiff John Robert Demos (hereinafter "Demos") proceeds *pro se* and, provisionally, *in forma pauperis* (IFP). He is currently incarcerated in a Washington State Correctional Facility. His case and IFP application were provisionally filed in this Court on February 4, 2016. *See* Doc. 3 (noting that the final status of the IFP application and the issue of service would be addressed by separate order). The Court is now prepared to issue a final ruling on Demos' Motion for Leave to Proceed IFP (Doc. 2).

### I. BACKGROUND

Demos filed this action against Wal-Mart purportedly under 42 U.S.C. §§ 1983, 1984, 1985, 1986, 1987, 1988, 2000. (Doc. 1, p. 1). Plaintiff maintains he is acting as a private attorney general in bringing this lawsuit based on Wal-Mart's monopolizing the general merchandise market.

### II. DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, was enacted in an attempt to reduce the number of frivolous prisoner-initiated lawsuits. *Murray v. Dosal*, 150 F.3d 814, 816 (8th Cir. 1998) (per curiam). Prior to the enactment of the PLRA, a prisoner who attained IFP status was exempt from paying court fees. After the enactment of the

PLRA, prisoners granted IFP status are required to pay the filing fee, although they are permitted to pay the fee in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which prohibits a prisoner from bringing a civil action IFP:

> if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See, e.g., Martin v. Shelton*, 319 F.3d 1048 (8th Cir. 2003); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Demos has filed numerous actions in other courts that qualify as strikes against him under section 1915(g). *See e.g., Demos v. Ryan*, Civil No. 00-921 (D.N.J. Sept. 18, 2000) (failure to state a claim); *Demos v. Warner-Lambert Co.*, Civil No. 94-5309 (D.N.J. Aug. 28, 1995) (failure to state a claim); *Demos v. Doe, Chairman, Mars Incorporated Candy Co.*, Civil NO. 94-4780 (D.N.J. Sept. 30, 1994) (dismissed as frivolous); *see also Demos v. Doe, Chairman, American Institute for Food Distribution*, Civil No. 05-5843, 2006 WL 891447 (D.N.J. Apr. 4, 2006) (providing a list of twenty-five other lawsuits that have been dismissed as frivolous or for failure to state a claim). Additionally, Demos has had cases dismissed because of the application of the three strikes rule. *See e.g., Demos v. Doe, Chairman, American Institute for Food Distribution*, Civil No. 05-5843, 2006 WL 891447 (D.N.J. Apr. 4, 2006); *Demos v. Doe, Chairman, Master Foods USA*, Civil No. 05-5806, 2006 WL 840391 (D.N.J. March 24, 2006).

As a result of him being a frequent filer of abusive lawsuits, a number of courts, including the United States Supreme Court, have restricted Demos' filings. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 290 (1993) (directing Clerk to reject all future petitions for certiorari from Demos in non-criminal matters unless he pays the docketing fee and his petition complies with the rules of the Supreme Court); *In re Demos*, 500 U.S. 16, 17 (1991) (prospectively denying Demos leave to proceed IFP in all future petitions for extraordinary relief); *Demos v. Keating,* 33 Fed.App'x 918, 919-21 (10th Cir. 2002) (precluding him from proceeding before the court without a licensed attorney or without fulfilling extensive prerequisites to proceeding *pro se*, including providing a list of all cases in which he has been sanctioned or restricted from filing matters in either federal or state court); *Demos v. Kincheloe*, 563 F. Supp. 30, 31 (E.D. Wash. 1982) (noting that "each and every complaint and petition is frivolous, malicious, repetitive, de minimis, wholly insubstantial, or insufficient to invest the court with subject matter jurisdiction and none is amenable to cure through amendment").

Demos himself acknowledges that he has filed "100's" of lawsuits. *See* Doc. 1, p. 1. His abuse of the legal system will not continue unchecked, however, as the Court finds that the three strikes rule applies in this case, and Demos is therefore ineligible for IFP status. Demos fails to meet the statutory exception to the three strikes rule, as well, as he has not alleged any facts to indicate that he is under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (there must be an ongoing danger of serious physical injury to fall into the exception to the three strikes rule).

Having concluded Demos is not eligible for IFP status, the Court need not review the merits of his claims at this time.

### III. CONCLUSION

Demos is not eligible for IFP status as per 28 U.S.C. § 1915(g), and his Motion for Leave to Proceed IFP (Doc. 2) is **DENIED**. This case is therefore **DISMISSED WITHOUT PREJUDICE**. The case may be reopened upon motion and payment of the $350 filing fee and $50 administrative fee. However, Demos is advised that if the case is reopened, the Court will screen the Complaint for frivolousness under the PLRA. *See* 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED** on this 29th day of April, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE